IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN PURNELL, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 06-4168 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                          **AUGUST 26, 2009**

      Plaintiff, Calvin Purnell ("Purnell"), filed this action under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). The parties filed cross-motions for summary judgment.[1] Thereafter, on October 15, 2007, the Honorable Bruce W. Kauffman, to whom this matter was originally assigned, referred the case to United States Magistrate Judge Arnold C. Rapoport for a Report and Recommendation ("R & R"). The Magistrate Judge filed an R & R on February 14, 2008.[2] Subsequently, on July 15, 2009, this case was reassigned from Judge Kauffman to me. For the reasons explained below, I will adopt the R & R in part and deny it in part, and grant summary judgment in favor of the Commissioner.

---

[1] Purnell filed his Motion on January 22, 2007, and the Commissioner filed her Motion on February 16, 2007.

[2] Objections were filed to the R & R by the Commissioner on February 26, 2008.

I.  **BACKGROUND**

Purnell is a forty-one (41) year-old male born on September 28, 1964. (Tr. 50). He has a general equivalency diploma ("GED"), and has no relevant past work experience. (Tr. 186). Purnell alleges disability as of January 14, 1999 due to hearing loss, diabetes, arm and neck pain, and depression. (Tr. 189-190).

Purnell's application for benefits was denied initially, and he then requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was commenced on November 10, 2004, at which Purnell, represented by counsel, testified, along with a witness on his behalf, and a vocational expert ("VE"). (Tr. 180-203). In a decision dated December 23, 2004, the ALJ determined that Purnell "has a severe bilateral ankle disorder, a severe cervical spine disorder, severe insulin-dependent diabetes mellitus, and severe depression." (Tr. 21). The ALJ, however, found that Purnell retained the residual functional capacity to "perform a restricted range of light work (Tr. 22). Purnell was, thus, determined to be not disabled and not entitled to benefits under the Act. The ALJ's findings became the final decision of the Commissioner when the Appeals Council denied Purnell's request for review on July 13, 2006. (Tr. 6-8). Purnell then appealed the final decision to this Court on September 18, 2006.

II.  **STANDARD OF REVIEW**

The role of this Court, on judicial review, is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g); Pierce v. Underwood, 587 U.S. 552 (1988). "Substantial evidence" is not "a large or significant amount of evidence but rather such relevant evidence as a reasonable mind might accept to support a conclusion." Id. at 664-65. "The Court is bound by the ALJ's findings of fact if they are supported by substantial

2

evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

To establish a disability under the Social Security Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." Stunkard v. Sec'y of Health and Human Servs., 841 F.2d 57 (3d Cir. 1988), quoting Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir.1987); 42 U.S.C. § 423(d)(1) (1982). A claimant can establish such a disability in either of two ways: (1) by producing medical evidence that one is disabled per se as a result of meeting or equaling certain listed impairments set forth in 20 C.F.R. Regulation No. 4, Subpart P, Appendix 1 (1987); see Heckler v. Campbell, 461 U.S. 458 (1987); Stunkard, 841 F.2d at 59; Kangas, 823 F.2d at 777; or (2) by demonstrating an impairment of such severity as to be unable to engage in "any kind of substantial gainful work which exists in the national economy." Heckler, 461 U.S. at 461; 42 U.S.C. § 423(d)(2)(A).

This method of proving disability requires that the claimant first show inability to return to former work due to a physical or mental impairment. Once a claimant has demonstrated inability to perform former work, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment claimant is able to perform, taking into consideration the claimant's physical ability, age, education and work experience. See Kangas, 823 F.2d at 877; Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979); 42 U.S.C. § 423(d)(2)(A).

This case was decided under the medical-vocational regulations which require a five-step sequential evaluation of disability claims. See Heckler, 461 U.S. at 461; Santise v. Schweiker, 676 F.2d 925 (3d Cir. 1982). The sequential evaluation considers in turn current work activity, the severity of impairments, and the ability to perform past work and vocational factors. 20

C.F.R. §§ 404.1520 and 416.920.  In this case, the Commissioner reached the fifth step of the evaluation and determined that Purnell is capable of performing limited light work.

### III.   THE REPORT AND RECOMMENDATION

In his R & R, Magistrate Judge Rapoport opined that the ALJ's decision was only partially supported by substantial evidence, and recommended that this matter be remanded back to the ALJ for further consideration.  Magistrate Judge Rapoport first determined that Purnell's claim that he is suffering with a disabling mental impairment had no merit, and that the "ALJ's determination of Purnell's mental impairments was supported by substantial evidence."  (R & R at 10-11).  We agree with the Magistrate Judge's rationale with regard to this issue, and we need not discuss it further.

Purnell also argued that the "ALJ failed to properly credit his subjective complaints of pain, which were corroborated by Ms. Brittingham."[3]  (R & R at 12).  The Magistrate Judge noted that the ALJ found that, based on the evidence, the "statements of the claimant regarding the severity of his symptoms[4] and their impact on his ability to work are somewhat overstated

---

[3] Melissa Brittingham is plaintiff's fiancé, and Magistrate Judge Rapoport stated in his R & R that she corroborated his testimony at the administrative hearing.  (R & R at 6).

[4] Magistrate Judge Rapoport noted that Purnell testified at the administrative hearing concerning his pain as follows:

> At the ALJ's hearing, Purnell testified that he has left leg, arm, and left shoulder pain, and cannot sit for long periods due to hip pain. (R. 188-89.) Purnell, who lives with his mother, stated that he cannot dress or bathe himself on some days and relies on the assistance of his fiancé for his personal care and to clean his room. (R. 189-91.) He reported sleep and appetite disturbances (R. 196.), difficulty hearing (R. 189-90.), and insulin dependency (R. 192.) He stated that he can walk only 1 ½ blocks at a time, can stand only 10 to 20 minutes at a time, and can lift 25 to 30 pounds with his right hand. (R. 191.) He testified that he is depressed, stays in his room, cries all of the time and does not want to be bothered by anyone. (R. 194.)

(R & R at 5).

and cannot be fully credited." (Id.).  The Magistrate Judge, however, found that the "ALJ's partial credibility determination was not supported by substantial evidence." (Id. at 13).  He reasoned that the "radiology reports showed degenerative changes in both ankles, as well as multi-level spinal degenerative changes, including a disc herniation with moderate to severe stenosis at C5-6, and mild to moderate stenosis at two other levels," and that these "objectively determined impairments were enough to necessitate the use of prescribed narcotic pain medication." (Id.)  The Magistrate Judge further stated that Purnell testified at the administrative hearing that he saw an orthopedic surgeon one week before the hearing for his spinal problems, and that that specialist told him that he "definitely" needed surgery for his neck and back." (Tr. 193).  Magistrate Judge Rapoport concluded that:

> In finding that Purnell's condition necessitated only 'conservative' rather than surgical treatment, the ALJ ignored this evidence without any explanation.  In addition, Purnell testified that his pain prevents his ability to dress himself and care for his physical surroundings (R. 195), and the prescribed pain medication causes drowsiness (R. 191).  As pain at the level described by the Plaintiff is consistent with the objective medical findings of moderate to severe disc disease and the use of medication, I recommend that the ALJ's negative credibility determination as well as his RFC finding were not supported by substantial evidence.

(R & R at 13-14).

The Magistrate Judge went on to explain that "[W]hile I recognize that the issue of whether Purnell required surgery for his spine was raised for the first time at the hearing, there is no indication from the ALJ's opinion that he sought information from the new medical source, or otherwise fulfilled his obligation to investigate the extent of Purnell's symptoms." (R & R at 14).  He concluded that the ALJ did not consider this evidence, and recommended that this

matter be remanded to the Commissioner for further consideration as to the extent of Purnell's subjective complaints of pain.[5] I respectfully disagree with this determination.

## IV. DISCUSSION

This Court is required to engage in a *de novo* review of those portions of the Magistrate Judge's R & R to which a claimant or the Commissioner has objected. See 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate." Id.; see also Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D. Pa. 2001).

### A. Purnell's Testimony Regarding Surgery

In his decision, the ALJ correctly observed that "although [Purnell] has been diagnosed with a herniated disc, there is no documentation that he has been advised to undergo surgery." (Tr. 20). A review of the administrative record confirms such, and indicates that no doctor had opined that Purnell required surgery. The only reference to surgery in the record came for the first time at the administrative hearing when Purnell testified that a week before the hearing, he saw a new orthopedist named Henry Shark, who told him that he "definitely needed surgery on [his] neck and spine." (Tr. 193).

The Social Security Regulations provide a procedure whereby a claimant can seek remand based upon new evidence. Sentence six of Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), provides that the court may remand for further proceedings where new and material evidence exists. However, a matter can only be remanded under this section upon a

---

[5]Subjective evidence of pain and disability must be considered in determining if a claimant is disabled under the Act. Smith v. Califano, 637 F.2d 968 (3d Cir. 1981).

showing of "good cause" for not presenting this evidence to the ALJ. Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2001).[6]

Here, Purnell has not established that "new and material" evidence exists to justify a remand since he failed to provide any medical evidence at the hearing, or at any time subsequent to the hearing, to support his testimony that he was told by an orthopedist that he "definitely" needs surgery. In fact, as the Commissioner points out, Purnell, who was represented by counsel at all stages of his benefit application before Social Security and on appeal here, did not submit any medical documentation from a Dr. Shark, or any other examining or treating physician to support his claim that he required surgery. If such evidence exists, Purnell's counsel had numerous opportunities during the hearing and appeal processes to submit such information, but failed to do so. At the hearing, counsel did not request that the ALJ keep the administrative record open to submit additional evidence, and counsel did not submit any supporting evidence even after receiving the ALJ's decision, which stated that there was no documentation that Purnell required surgery. In addition, counsel failed to submit such evidence to the Appeals Council when review of the ALJ's decision was requested, and again when the instant summary judgment motion was filed. Thus, Purnell had five opportunities to produce such evidence from

---

[6]To warrant a new evidence remand, a claimant must show:

> 1) the evidence is "new" and not merely cumulative of what is already in the record;
> 2) the evidence is "material", i.e., relative and probative, and there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination;
>  3) the evidence must not concern a later-acquired disability or a subsequent deterioration of the previously non-disabling condition; and
> 4) there is "good cause" for not having included the new evidence in the record.

Szubak v. Sec'y of Health and Human Servs., 745 F.2d 831 (3d Cir. 1984).

Dr. Shark or from any other physician who opined that he needed neck and back surgery, but failed to do so.[7]

As noted above, it is the claimant's burden to establish disability under the Social Security Act.  Stunkard, 841 F.2d at 57; 42 U.S.C. § 423(d)(1) (1982).  Here, Purnell has not met that burden, and the ALJ has correctly determined that there is no evidence in the record that demonstrates that he requires surgery.

Moreover, I disagree with the Magistrate Judge's finding that the ALJ had a duty to develop the record concerning Purnell's alleged need for surgery.  In support of this finding, Magistrate Judge Rapoport cites Sims v. Apfel, 530 U.S. 103, 11 (2000), for the proposition that "[i]t is the ALJ's duty to investigate the facts and develop the arguments for and against granting benefits." (R & R at 14).  The Third Circuit, however, held in Hess v. Sec'y of Health, Ed. and Welfare, 497 F.2d 837, 840 (3d. Cir. 1974), that "We do not say that an administrative law judge must search out all the relevant evidence which might be available, since that would in effect shift the burden of proof to the government."  Id.  Here, as discussed above, it is apparent that Purnell had every opportunity to submit evidence concerning the issue of surgery, but failed to do so.  Therefore, it cannot be said that the ALJ had a further duty to develop the record in this matter when Purnell had not met his own burden of proof with regard to this issue.[8]

---

[7]If such evidence exists, it is difficult to believe that counsel would have neglected to submit it at some stage of the proceedings in this matter.

[8]It must also be noted that 20 C.F.R. § 404.1512 (e) provides in part that:

> "We [Social Security Administration] will seek clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory techniques. . . "

### B. Purnell's Testimony Regarding Pain Medication

Magistrate Judge Rapoport also found that the ALJ ignored Purnell's need for narcotic medication (Darvocet) in finding that Purnell's condition necessitated only conservative treatment. (R & R at 13-14). I, however, agree with the Commissioner's assertion that the use of a commonly prescribed pain medication, even a narcotic, does not remove Purnell's treatment from the realm of conservative treatment.

It must first be noted that Purnell does not offer any case support for such a conclusion, nor does the Magistrate Judge in his R & R. Rather, there is no evidence in the record that this medication caused any side effects which resulted in Purnell experiencing functional limitations. The only mention of side effects of medication in the record is where Purnell testified at the hearing that "I don't sit very long to read . . . because I start to nod off because of the medication I take." (Tr. 191). Drowsiness, however, often accompanies the taking of medication, and it should not be viewed as disabling unless the record references serious functional limitations. Burns v. Barnhart, 312 F.3d 113, 131 (3d Cir. 2002). Here, the record reflects that Purnell never reported drowsiness caused by any of his medications, nor did any physician observe any drowsiness or any other negative side effect(s) which caused him functional limitations. Thus, the ALJ properly observed that Purnell only required conservative treatment despite the use of a narcotic medication, and such a finding is supported by the record.

In conclusion, subjective complaints of pain do not require substantiation by clinical

---

20 C.F.R. § 404.1512 (e).

However, in this case, Social Security had no duty under this regulation to seek clarification from Purnell's medical source concerning his requiring surgery since there are no reports from any doctor in the record discussing surgery on his back and neck.

findings, but they must bear on the claimant's physical status, including adverse objective medical findings, diagnoses and opinions.  Baerga v. Richardson, 500 F.2d 309 (3d Cir. 1973); Baith v. Weinberger, 378 F.Supp. 603 (E.D. Pa. 1974); see also 20 C.F.R. §§ 1526, 1529.  The burden is with the claimant to satisfy the fact finder that the alleged pain is real and of disabling severity.  Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971).  In this case, the ALJ correctly determined that the medical evidence did not establish that Purnell suffers with pain that is of a disabling severity.  Accordingly, I reject the Magistrate Judge's determination with regard to this issue, and grant summary judgment in favor of the Commissioner.

      An appropriate Order follows.